**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ROBERT A. WATT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX CORPORATION, FEDEX CORPORATION EMPLOYEES' PENSION PLAN, RETIREMENT PLAN INVESTMENT BOARD OF FEDEX CORPORATION, and JOHN/JANE DOES 1–10,<br><br>Defendants. | ) | No. 2:23-cv-02593-TLP-atc |

## ORDER DENYING MOTION TO STAY DISCOVERY

Defendants move to stay discovery pending the Court's ruling on Defendants' Renewed Motion to Dismiss. (ECF No. 80-1 at PageID 1694.) Plaintiffs responded in opposition. (ECF No. 83.) For the reasons below, the Court **DENIES** the Motion to Stay Discovery.

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018). And "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citation modified).

But courts must "tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Id.* "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other

party nor the public will suffer harm from entry of the order." *Id.* Importantly, Defendants offer no Sixth Circuit precedent that suggests that denying a stay of discovery under these circumstances would reflect an abuse of the Court's discretion. (*See generally* ECF No. 80-1 at PageID 1699–1708.)

Defendants have failed to show a "pressing need for delay" or explain why Plaintiffs would not "suffer harm" from a stay of discovery. *See Ohio Env't Council*, 565 F.2d at 396. The thrust of Defendants' Motion is that "discovery will involve costly and time-consuming efforts—mainly by Defendants—including" reviewing documents and information. (*See, e.g.*, ECF No. 80-1 at PageID 1699–1700.) But while Defendants might bear the costs of document production, Plaintiffs also bear significant costs in discovery; they, too, would have to "prepar[e] for multiple depositions" and review "troves of documents." (*Cf. id.* at PageID 1699, 1704 ("Plaintiffs cannot dispute that discovery in an ERISA class action like this is a costly and time-consuming undertaking.").) The Court finds that Defendants failed to show a "need for delay." *See Ohio Env't Council*, 565 F.2d at 396.

What is more, Defendants downplay the "harm" that Plaintiffs would suffer from a stay. *See id.* They again emphasize the costliness of producing their own documents but omit the costs to Plaintiffs of reviewing and analyzing documents they might have never seen. (*See* ECF No. 80-1 at PageID 1705.) And they point to the "modest additional delay" that Plaintiffs might bear given a stay but fail to recognize that a "modest" delay would extend already protracted litigation. (*See id.* at PageID 1706.)

Defendants cite several cases where district courts exercised their discretion to stay discovery in a range of contexts. (*See, e.g.*, *id.* at PageID 1706–07.) To be sure, the Court has the discretion to stay discovery. But Defendants cite no case that demonstrates that refusing to

stay discovery would represent an abuse of the Court's "broad discretion over docket control and the discovery process." *See Pittman*, 901 F.3d at 642. Given Defendants' failure to carry their burden to show a "pressing need for delay" and their failure to show that Plaintiffs will not "suffer harm" from a stay, the Court indeed "tread[s] carefully" and declines to stay discovery. *See Ohio Env't Council*, 565 F.2d at 396 (citation modified).

The Court **DENIES** Defendants' Motion to Stay Discovery.[1]

**SO ORDERED**, this 25th day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

[1] The Court will set a scheduling conference in the coming days to set deadlines for discovery.